## JOSEPH MILLER v. MARY MILLER DONAHUE ET AL.

NECESSITY OF SHOWING WHAT IT WAS PROPOSED TO PROVE BY AN EXCLUDED QUESTION.

> Where objection to a question propounded to a witness is sustained, but the record does not disclose what reply the witness would have made had he been permitted to answer, a reviewing court will not presume that the answer would have been material, or favorable to the plaintiff in error, or that the sustaining of the objection to the question was prejudicial, or that the rejection of the answer by the trial court was improper.

ERROR to Hamilton common pleas court.

**J. D. Creed** and **Thorne Baker,** for plaintiff in error.
**D. F. Cash** and **E. J. Babbitt,** contra.

SWING, P. J.

This case is here on error to the judgment of the court of common pleas. In that court it was an action to set aside the will of Mary Miller, deceased. The main ground of error relied on is the refusal of the court to permit plaintiff in error to have certain questions propounded to Dr. B. F. Beebe, a witness for the plaintiff, answered. The plaintiff in error excepted to the ruling of the court in refusing to permit said questions to be answered by the witness, but did not say what he expected to prove by the witness if he were permitted to answer the questions.

The sixth proposition of the syllabus in *Bean* v. *Green,* 33 Ohio St. 444, is as follows:

"Where a question put to a witness on the trial is excluded by the court as incompetent, to make such rejection a valid ground for error it must appear in the record what was proposed to be proved thereby, and that it was something material, the rejection of which would be prejudicial to the plaintiff in error."

The court in its opinion at page 447, says:

"It has been ruled in this state as often as the question has come before the Supreme Court, that an exception to the overruling of questions in the form here made is insufficient. Where a question is asked of a witness which is objected to and rejected, the party taking an

Miller v. Donahue.

exception to the ruling should bring, upon the record, a statement of what is proposed or expected to be proved by the rejected testimony, and this must appear to be something material, the rejection of which as evidence would be prejudicial to the party excepting.''

In support of this the court cites numerous Ohio cases. The principle lying at the bottom of this decision is thus stated in the syllabus in *Scovern* v. *State*, 6 Ohio St. 288, which is cited by the court and which is as follows:

"In order to justify the reversal of a judgment on error, the record must affirmatively show, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it.''

The court may have erred in not permitting the questions put to Dr. Beebe to be answered, but how can the court say there was any prejudice to plaintiff in error in this ruling as long as the court cannot know what Dr. Beebe's answer would have been to the questions. He may not have been able to have answered the questions or his answers may have been unfavorable to plaintiff in error, for we have no right to assume as a matter of fact that the answer would be favorable to plaintiff in error.

We find no other error in the record.

**Giffen** and **Smith, JJ.,** concur.